IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BROOKE MCMAHON, )
IAN HEIMLICH )
MICHAEL NORDINE )
JAMES L. FLANAGAN )
SARAH MCHUGH )
NICOLE PACELLI )
CARLOS E. PECCIOTTO )
JONATHAN ROCHKIND )
SETH SHER )
NATHAN THOMPSON )
                              )
    Plaintiffs, )
                              )
    V. )    NO. 03C 4936
Sgt. PATRICK CRAWFORD, CHICAGO )
POLICE OFFICER STAR #1213 )
ERIC OSWALD, CHICAGO POLICE )    JUDGE HOLDERMAN
OFFICER, STAR #17135, )
DENIS SUGRUE, CHICAGO POLICE )
OFFICER, STAR #8166, )
J. VERTA, CHICAGO POLICE OFFICER, )    MAGISTRATE
STAR # 6034, )    JUDGE BOBBICK
J. VEGA, CHICAGO POLICE OFFICER, )
STAR # 19187 )
The CITY OF CHICAGO, )
VIACOM, owner of MTV Networks, )
MTV NETWORKS, producer of Real World, )
REAL WORLD, )
PETER WILSON, )
AND ANTHONY DOMINICI )
    Defendants. )

**DOCKETED**
AUG 0 1 2003

FILED

### FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs Brooke McMahon, Ian Heimlich, Michael Nordine, James Flanagan, Sarah McHugh, Nicole Pacelli, Carlos Pecciotto, Jonathan Rochkind, Seth Sher and Nathan Thompson by their undersigned

1



attorney Melinda Power of West Town Community Law Office and complain against Defendants and allege as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

## PARTIES

2. Plaintiff Brooke McMahon is a resident of the United States.
3. Plaintiff Ian Heimlich is a resident of the United States
4. Plaintiff Michael Nordine is a resident of the United States.
5. Plaintiff James L. Flanagan is a resident of the United States.
6. Plaintiff Sarah McHugh is a resident of the United States.
7. Plaintiff Nicole Pacelli is a resident of the United States.
8. Plaintiff Carlos Pecciotto is a resident of the United States.
9. Plaintiff Jonathan Rochkind is a resident of the United States.
10. Plaintiff Seth Sher is a resident of the United States.
11. Plaintiff Nathan Thompson is a resident of the United States.
12. Defendant Crawford #1213, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
13. Defendant Oswald # 17135, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
14. Defendant Sugrue #8166 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

2

15. Defendant J. Verta #6037was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

15. Defendant J. Vega #19187 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

16. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and the City of Chicago and is the employer and principal of defendant police officers Crawford, Oswald, Sugrue Verta and Vega.

17. Defendants Viacom, MTV Networks, and Real World are corporations licensed to do business in the State of Illinois.

18. Defendant Peter Wilson was an employee of Defendant Real World/MTV Networks/Viacom at the time of the incident that is the subject of this complaint.

19. Defendant Anthony Dominici was an employee of Defendant Real World/MTV Networks/Viacom at the time of the incident that is the subject of this complaint.

20. All Defendants were at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

21. On July 21, 2001 the plaintiffs, many of whom did not know each other prior to July 21, 2001, were in the area of 1600 N. Winchester and North Avenue in the City of Chicago, State of Illinois.

22. Some of the plaintiffs were there to lawfully protest the filming of a television program entitled Real World TV, produced and owned by MTV Networks and Viacom.

23. Other plaintiffs were not there for the protest but were walking in the area of North and Winchester Avenue.

24. As the plaintiffs were lawfully and peacefully protesting the Real World TV, produced and owned by MTV Networks and Viacom, filming or walking in the area, a group of Chicago police, including the named defendants Crawford,

3

Oswald, Sugrue, Verta and Vega arrived and began to randomly and without probable cause arrest the plaintiffs.

25. Defendants Verta and Vega arrested the plaintiff Nathan Thompson as he was chalking on the sidewalk on the north side of North Avenue.

26. The named police officer defendants arrested each of the plaintiffs as the plaintiffs were peacefully and legally in the area of Winchester and North Avenue.

27. As the Chicago police officer defendants arrested the plaintiff Ian Heimlich, one of these defendants grabbed and threw the plaintiff Heimlich into a Plexiglas display case, then against a door. Then that defendant and other Chicago police officer defendants got on top of the plaintiff Heimlich and physically assaulted him. Plaintiff Heimlich received medical attention and suffered physical injuries as a result of the defendant's actions.

28. Each plaintiff was falsely arrested and taken to the 14th District police station. After several hours, the female plaintiffs were taken to the 25th District police station.

29. The plaintiffs were held in police custody for many hours until their release on July 22, 2001.

30. The plaintiffs were then forced to attend court for almost one year until on May 29, 2002 all charges were stricken on leave against all plaintiffs except for Plaintiff Ian Heimlich.

31. Ian Heimlich was forced to stand trial on May 29, 2002. At the conclusion of the state's presentation of the case, the Honorable Judge Ballard entered a directed verdict against the defendants and in favor of Plaintiff Heimlich.

32. All Defendants knew that the arrests, detentions, and prosecutions could only be made based upon probable cause, and a reasonable officer in each of their positions would have known that there was no probable cause for the arrest, detention or prosecution of the Plaintiffs.

33. All Defendants had a duty to determine whether there was probable cause to justify the arrest and detention of Plaintiffs, had a duty to act to prevent the prosecution, had a duty to testify truthfully in their reports and in court, had opportunities to act to prevent the prosecution and prevent the injuries and harm to Plaintiffs, yet failed to take action to prevent the prosecution and prevent the

4

injuries and harm to Plaintiffs and in fact, engaged in specific acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of Plaintiffs.

34. Defendants reached a meeting of the minds and agreed to charge Plaintiffs with misdemeanors, to falsify reports, to withhold information which would have resulted in the dismissal of criminal charges and the release of Plaintiffs, and to testify falsely in court in order to cover up the misconduct of Defendants as more fully set above.

35. Defendants, acting both individually, jointly, and in conspiracy, directly and proximately caused the false arrest, pretrial detention and malicious prosecution of Plaintiffs by the misconduct and unlawful acts set forth more fully above.

36. The acts and omissions of Defendants, as set forth more fully above, were wanton and willful.

37. The Defendants' false arrest and malicious prosecution of Plaintiffs directly resulted in Plaintiff's damages as set forth in more detail below.

38. Moreover, the Plaintiffs have been traumatized as a result of Defendants' actions. The Plaintiffs suffered a loss of their liberty for crimes they did not commit, experienced mental distress and anguish, experienced a lack of enjoyment in life, and were prevented from going about their regular business during their period in custody. Further, the Plaintiffs were forced to appear in court for one year until their charges were dismissed. Plaintiff Ian Heimlich was forced to stand trial. All Plaintiffs were forced to hire attorneys.

## COUNT I

**(Plaintiff's Claim for False Arrest and Imprisonment Section 1983 Defendants Crawford, Oswald, Sugrue, Verta and Vega, Peter Wilson, Anthony Dominici Viacom, MTV and Real World )**

39. The plaintiffs reallege paragraphs 1-38 with the same force and effect as if fully set forth herein.

5

40. Defendants Oswald, Sugrue, Crawford, Verta and Vega prepared police reports which falsely identified the Plaintiffs as having been involved in illegal actions. Peter Wilson, with the approval of Real World, which is produced and owned by Viacom and MTV Networks, made a knowingly false complaint and signed false complaints against the Plaintiffs. The false allegations against the Plaintiffs caused them to be illegally arrested without probable cause. As a result of Defendants false allegations and resulting illegal arrests without probable cause, the Plaintiffs were detained in custody and held at the District police stations until their release on bail. These actions by the Defendants constitute false arrest and imprisonment under the Fourteenth Amendment and the Fourth Amendment and right to be free of unreasonable seizures and are actionable under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiffs requests that this Court award them substantial money damages to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiffs demands punitive damages plus the costs of this action and attorney fees.

## COUNT II

**(Plaintiff's Claim for 1983 Conspiracy
Defendants Crawford, Oswald, Sugrue, Verta, Vega , Wilson, Dominici and Real World, Viacom and MTV)**

41. The plaintiffs reallege paragraphs 1-40 with the same force and effect as if fully set forth herein.
42. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and maliciously prosecute Plaintiffs in violation of the Fourth and Fourteenth Amendments in order to cover-up the unjustified arrest of Plaintiffs by Chicago police officers.

6

43. In furtherance of this conspiracy, the Defendants named above committed the overt acts set forth above, including, but not limited to, the wrongful arrest, incarceration, charging and malicious prosecution of Plaintiffs; the creation and filing of false, fabricated, and incomplete statements and reports; the withholding of information which would have led to the dismissal of criminal charges; and the giving of false testimony.
44. Said conspiracy and overt acts were and are continuing in nature.
45. Defendants' acts as set forth above in acting jointly and/or conspiring together to maliciously prosecute Plaintiffs were wanton and willful and constitute the tort of conspiracy.
46. This conspiracy proximately caused the injuries to the Plaintiffs set forth above.

WHEREFORE, the Plaintiffs requests that this Court award them substantial money damages to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiffs demand punitive damages plus the costs of this action and attorney fees.

## COUNT III

### (Plaintiff Ian Heimlich's claim for Excessive Force Section 1983 against Defendants Crawford, Oswald and Sugrue)

47. Plaintiff realleges paragraphs 1-46 with the same force and effect as if fully set forth herein.
48. Without reason to believe that plaintiff had committed any offense, Chicago Police Officer defendants illegally grabbed the plaintiff Ian Heimlich, threw him into a door and then roughly handled and arrested him. Said actions by Defendants constitute assault and battery and are actionable under 42 U.S.C. Section 1983. The actions of the defendants were the direct and proximate cause

7

of the violation of Plaintiff's Fourth Amendment rights, physical injury, pain and suffering and his loss of personal freedom.

WHEREFORE, Plaintiff Ian Heimlich demands damages against Defendants Crawford, Oswald and Sugrue in actual or compensatory damages and since Defendant's actions were malicious, willful and/or wanton, Plaintiff demands punitive damages and costs of this action and attorney fees.

## COUNT V

### (745 ILCS 10/9 102 - Defendant City of Chicago)

49. The Plaintiffs reallege paragraphs 1-48.
50. Defendant City of Chicago is the employer of the individual Defendants.
51. Defendants Crawford, Oswald, Sugrue. Verta and Vega committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants Crawford, Oswald, Sugrue, Verta and Vega be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgements Plaintiffs obtains thereon against said Defendants as well as for all attorney fees and costs.

/s/ Melinda Power
West Town Community Law Office
2502 W. Division Street
Chicago, Il. 60622
773-278-6706
773-278-0635 (fax)

8